UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP 1 7 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

David Phillip Ruffa, )
)
Plaintiff, )
)
v. ) Civil Action No. 17-2843 (UNA)
)
Department of Treasury *et al.*, )
)
Defendants. )
_____ )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) (requiring dismissal of a prisoner's case upon a determination that the complaint is frivolous).

Plaintiff is a Nevada state prisoner incarcerated in Indian Springs, Nevada, who is serving a life sentence. *See* Compl. at 1; *Ruffa v. State*, 281 P.3d 1215 (Nev. 2009). The named defendants are: "Department of Treasury/Bureau of the Debt (Public) U.S.A.," "EPlurbis Unum," "A Delaware Corp.," and the Department of State. Compl. Caption. Plaintiff claims that "he is innocent that confirmation of his CUSIP Bond has been used for the past several years to pay for my incarceration, but the State has avoided my request to submit DNA in the Codis System to exonerate me." Compl. at 1. Allegedly, "in the interim," plaintiff has "discovered that the [defendants] have monotized and utilized my birth certificate, to pay for my incarceration, towards the [defendants] who are part of the England Corporation, from the Forty Second Congress . . . ." *Id.* The complaint continues in this incomprehensible manner for seven

1



additional pages. Along the way, plaintiff mentions, *inter alia*, "Pope Francis of Assisi," the Vatican, John Quincy Adams, and the RICO Act. Compl. at 2-3. Plaintiff posits that "the United States of America and the Several States, including Nevada, [are] all created on a franchise" and concludes that the defendants "technically don't have any standing, through the U.S. & several states of their Registered Non-Profit Organization." *Id.* at 6-7. He "move[s] for Clarification as to the validity of this Structure, and if this is true . . . for punitive release, and a complete forensic accounting of my CUSIP Bond . . . ." *Id.* at 7.

The complaint presents the type of fantastic and delusional scenarios warranting dismissal of the case as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Furthermore, complaints that lack "an arguable basis in law and fact" are, too, subject to dismissal as frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984); *see Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."). For those reasons, this case will be dismissed. An order will issue separately.

Date: September *13*, 2018

CHRISTOPHER R. COOPER
United States District Judge